IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY WALKER                                                                                           PLAINTIFF

v.                                              CIVIL NO. 23-02139

MARTIN J. O'MALLEY, Commissioner                                                           DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Kimberly Walker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her application for DIB on May 18, 2021, alleging an inability to work since December 31, 2013, due to: COPD, high blood pressure, osteoarthritis, joint pain, back pain, high cholesterol, premature ventricular contractions, anxiety, and severe depression. (Tr. 42, 266). An administrative hearing was held via telephone on November 17, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 95–130). A vocational expert (VE) also testified at this hearing. *Id*.

At that hearing, Plaintiff's counsel asked that her onset date be amended to her date last insured, June 30, 2017, noting that there was very limited medical information. (Tr. 98). The ALJ

inquired whether Plaintiff understood the consequences of the amendment, and whether she agreed to the amendment. *Id*. Plaintiff affirmed that she understood and agreed. *Id*.

On February 9, 2023, the ALJ issued an unfavorable decision. (Tr. 39–59). The ALJ found that, during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: arthralgias, lumbago/mild degenerative disc disease of the lumbar spine, carpal tunnel syndrome, COPD, depression, and anxiety. (Tr. 45). The ALJ found Plaintiff also suffered from the nonsevere impairments of neck pain, hypertension, hyperlipidemia, kidney stone, mild fatty liver, vitamin deficiencies, history of methamphetamine abuse, vision impairment, and plantar fasciitis. *Id*. The ALJ found that Plaintiff's supplemental oxygen use beginning in 2021 was well after her date last insured, and there was no evidence of supplemental oxygen use in the medical evidence prior to that date. *Id*. After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 46–47). The ALJ found that, through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except occasional ladders, ropes, scaffolds, ramps, stairs, stoop, kneel, crouch and crawl; frequent bilateral handling and fingering; no concentrated exposure to dust, fumes, or other pulmonary irritants; no extreme heat, cold, or humidity; can understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; occasional social interaction with the general public.

(Tr. 47–52).

With the help of a VE, the ALJ determined that Plaintiff was unable to perform any of her past relevant work but would be able to perform the representative occupations of housekeeping cleaner, hand packager, and bench assembler. (Tr. 52–53). The ALJ found Plaintiff had not been

under a disability, as defined by the Act, from her amended onset date of June 30, 2017, through June 30, 2017, the date last insured. (Tr. 53).

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on October 4, 2023. (Tr. 1–6). Subsequently, Plaintiff filed this action. (ECF No. 3). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 9, 13). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents

3

her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

**III.     Discussion**

Plaintiff asserts that a finding of disability was warranted at steps two, three, four, and five of the sequential evaluation and raises the following issues in this matter: 1) whether the ALJ failed to consider her hand and wrist impairments; 2) whether the ALJ failed to consider Plaintiff's impairments of blurred vision, constant headaches, poor concentration, and nausea; and 3) whether the ALJ erred in finding Plaintiff could return to her previous work. (ECF No. 9). Defendant argues the ALJ properly evaluated the severity of Plaintiff's impairments, properly determined her

4

RFC, and appropriately found that Plaintiff could perform other work, but could not perform any of her past relevant work. (ECF No. 13).

### A. Severe Impairments:

Plaintiff argues that the ALJ did not appropriately consider all of Plaintiff's impairments, including her hand and wrist impairments, vision impairments, headaches, poor concentration, and nausea. (ECF No. 9, pp. 4–5). Defendant first points out that the ALJ found in Plaintiff's favor at step two, finding her arthralgias, lumbago/mild degenerative disease of the lumbar spine, carpal tunnel syndrome, COPD, depression, and anxiety were severe impairments. (ECF No. 13, p. 1). Defendant acknowledges that the ALJ did not find Plaintiff disabled at step three but argues that Plaintiff's argument amounts to a conclusory assertion that her impairments met or equaled an impairment and has thus failed to carry her burden to provide the evidence that she met or equaled any specific listing. Finally, Defendant argues the Court must defer heavily to the ALJ's findings and must view the record in the light most favorable to the ALJ's determination. (ECF No. 13, p. 2) citing *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001); *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018).

At step two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)). In this

case, the ALJ considered all of Plaintiff's alleged impairments and provided appropriate analysis of their severity.

The ALJ considered Plaintiff's hand and wrist impairments at step two, and found that Plaintiff's carpal tunnel syndrome was severe. (Tr. 45). In her RFC findings, the ALJ imposed handling and fingering restrictions to account for Plaintiff's hand and wrist impairments. (Tr. 47). Similarly, the ALJ considered Plaintiff's vision impairments at step two, including Plaintiff's statement in her January 19, 2022, Function Report that her vision was getting worse. (Tr. 45). The ALJ also considered Plaintiff's ophthalmology appointment in October of 2017, at which Plaintiff reported cloudy vision with difficulty seeing small print and the use of over-the-counter reading glasses which gave her corrected vision of 20/20. *Id*. It was therefore reasonable for the ALJ to find this impairment to be not severe. *Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009). The ALJ found Plaintiff's vision impairment to be not severe. *Id*. The ALJ considered Plaintiff's pain and the impact of her pain on her ability to focus at each step of the sequential evaluation. (ECF No. 45, 46, 48). Plaintiff does not provide any argument or evidence that headaches or nausea would significantly impact her ability to perform basic work activities. Plaintiff has not carried her burden of providing evidence that any impairment was erroneously found to be nonsevere.

In order for the Court to consider a Plaintiff's assertion that an ALJ erred by failing to consider specific listings, the Plaintiff must provide analysis of the relevant law or facts regarding said listing. *Vandenboom v. Barnhart*, 421 F.3d 745, 750. (8th Cir. 2005) Plaintiff has not argued which listings the ALJ should have found she met or equaled and does not provide evidence that she met or equaled any listing.

6

### B. Subjective Complaints:

Plaintiff argues that the ALJ erred at steps two, three, four, and five of the sequential evaluation. (ECF No. 2). While the Plaintiff does not provide specific argumentation regarding which subjective complaints the ALJ erred by failing to appropriately consider, the Court has considered the ALJ's analysis of Plaintiff's subjective complaints.

The ALJ is required to consider all the evidence relating to Plaintiff's subject complaints, including 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of his or her pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of his or her medication; and, 5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In so doing, the ALJ must also consider the claimant's prior work record, observations made by third parties, and the opinions of treating and examining physicians." *Polaski*, 739 F.2d at 1322.

Here, the ALJ considered Plaintiff's daily activities as stated in her July 29, 2021, Function Report including an inability to walk more than twenty feet or perform household chores, difficulty following instructions, difficulty handling stress or changes, and the use of back, neck, and bilateral arm braces. (Tr. 48, 281–88). The ALJ considered Plaintiff's Pain Questionnaire in which Plaintiff reported the pain in her back, hips, and legs was constant despite her pain medication, was exacerbated by moving, walking and sitting; and that the pain caused confusion and inability to focus. (Tr. 48, 278–80). The ALJ also carefully considered Plaintiff's reports to her medical providers between May of 2013 and July of 2019, including Plaintiff's request for a referral to pain Management on June 9, 2017, and report on September 29, 2017, to Nathan Bennett, DO, that she was doing much better after seeing pain management and starting Tramadol. (Tr. 48–49, 624, 819). The ALJ considered Plaintiff's counseling records for treatment of persistent depressive disorder,

7

generalized anxiety disorder, history of abuse, bereavement, and parent-child relational problems. (Tr. 49). The ALJ considered findings at these counseling sessions of normal cognitive functioning, speech, language skills, and short and long-term memory. (Tr. 49). The ALJ ultimately found that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 50).

The ALJ adequately considered and articulated her analysis of Plaintiff's subjective complaints in accordance with the *Polaski* factors.

### C. Residual Functional Capacity:

Plaintiff argues the ALJ erred in finding in her RFC findings, as Plaintiff would miss more than two days of work per month due to pain and headaches, would not be able to maintain focus and concentration throughout the workday, would require unscheduled breaks throughout the day, and would not be able to use her hands and wrists properly. (ECF No. 9, pp. 4–5). Defendant argues the ALJ properly discussed the relevant evidence and analysis underlying her RFC findings and accounted for Plaintiff's proven limitations, and that Plaintiff has not met her burden of evidence showing any specific functional limitation was not properly considered. (ECF No. 13, p. 3). Defendant argues that Plaintiff's argument amounts to mere citations of various conditions and reported symptoms. *Id*. In sum, Defendant argues that Plaintiff merely disagrees with the ALJ's RFC determination and is asking the Court to reweigh the evidence in the way that Plaintiff prefers. (ECF No. 13, p. 6).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the

8

claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ in this case considered a very narrow relevant time period, the single date of June 30, 2017, which was five years prior to the administrative hearing at which Plaintiff testified, and nearly four years prior to the date of application. (Tr. 95–98). In assessing Plaintiff's RFC, the ALJ considered Plaintiff's testimony; disability report from June 17, 2021, Function Reports from July 29, 2021, and January 19, 2022; Pain Questionnaires from July 29, 2021, and January 4, 2022; and medical evidence before and after the relevant time period. (Tr. 47–52).

The ALJ specifically considered that there was no indication in the medical records that any of Plaintiff's treating physician gave any opinion on Plaintiff's ability to work. (Tr. 50). This circuit has consistently held that it is appropriate for an ALJ to consider a lack of significant restrictions on a Plaintiff's activities by his or her treating physician. *Ashton v. Colvin*, 2015 WL 4916801, *4 (8th Cir. 2015)(citing *Tennant v. Apfel*, 224 F. 3d 869, 871 (8th Cir. 2000). The ALJ considered the opinions of the State Agency consultants who examined the medical evidence, and opined there was insufficient evidence to rate Plaintiff's impairments. (Tr. 51). However, the ALJ found that finding unpersuasive, based upon the medical evidence prior to Plaintiff's date last

9

insured, additional medical evidence submitted at the hearing level, and Plaintiff's testimony at the administrative hearing. *Id*. While the RFC findings must be supported by medical evidence, there is no requirement that it be supported by a medical opinion. *See Stringer v. Berryhill*, 700 Fed. Appx. 566 (8th Cir. 2017).

The ALJ very clearly elucidated which pieces of evidence she found supported the functional limitations Plaintiff suffered from. (Tr. 50). The ALJ found that Plaintiff's pulmonary function studies showing mild limitations, along with medication management and inhaler treatment as of the date last insured warranted restrictions to pulmonary irritants and temperature extremes. *Id*. The ALJ found that Plaintiff's lumbar imaging, reports of good pain control with medication after establishing care in April of 2017 and restarting tramadol, and reports of improvement in mood and arthralgias warranted a restriction to light work with additional postural limitations. *Id*. The ALJ specifically considered Plaintiff's conservative care and response to treatment in making this finding. *Id*. Next, the ALJ considered Plaintiff's bilateral carpal tunnel syndrome, and the splints she was prescribed in January and March of 2017, and found that impairment would require a restriction to only frequent bilateral handling and fingering. *Id*. The ALJ also considered Plaintiff's testimony that she used an assistive device when she went outside but noted that treatment notes prior to the date last insured did not reflect evidence of the use of an assistive device or evidence demonstrating medical necessity nor a physician recommendation for the use of an assistive device. *Id*.

With regard to Plaintiff's mental impairments, the ALJ completed a similarly thorough analysis. (Tr. 50–51). The ALJ considered Plaintiff's counseling that began in July of 2017, and treatment notes of normal mental status outside of symptoms of anxiety and depression without impairments of cognitive functioning or memory. (Tr. 51). The ALJ considered treatment provider

reports that Plaintiff was consistent in her first several months of therapy, and that she reportedly stopped attending sessions after beginning work. *Id*. The ALJ found that while Plaintiff was symptomatic, she was not receiving the level of mental health treatment or collateral support usually associated with a chronic or debilitating mental illness, and that her functional limitations could be accommodated by the restrictions set forth in the RFC findings—limitations to understanding, remembering, and carrying out simple, routine, repetitive tasks; responding to usual work situations and routine work changes; and only occasional social interaction with the general public. *Id*. Eighth Circuit caselaw is replete with decisions in which an ALJ's RFC determination was found sufficient where the ALJ accounted for deficits in concentration, persistence, and pace by limiting the Plaintiff to simple, repetitive, and routine tasks. *See Scott v. Berryhill*, 855 F.3d 853, 857 (8th Cir. 2017) (citing *Howard v. Massanari*, 255 F.3d 577, 581-582 (8th Cir. 2001)); *Bractel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997); *Hughes v. Colvin*, 2016 WL 7444961, at *5 (W.D. Ark. Dec. 27, 2016) ("As the ALJ's hypothetical to the VE in this case limited Plaintiff to simple, repetitive, routine tasks, said hypothetical sufficiently took into account any deficiencies Plaintiff had in concentration, persistence, or pace.").

While analysis of Plaintiff's RFC on a single date nearly four years prior to the application — and five years before her administrative hearing testimony — is an inherently complex proposition, the ALJ carefully considered all evidence available to her and clearly explained which evidence she found persuasive. She properly focused on the evidence closest to the relevant time period and considered Plaintiff's treatment records, Pain Questionnaires, Function Reports, and testimony. The ALJ did not err in her RFC analysis.

11

### D. Step Five

Plaintiff argues that a finding of disability is warranted at step four and step five as Plaintiff can no longer perform her previous work due to her impairments. (ECF No. 9, pp. 2, 4, 5). Defendant asserts that a claimant cannot be found disabled at step four, as if they are found to be able to perform past relevant work the evaluation ends at step four with a finding of not disabled; while if a claimant cannot perform past relevant work, the evaluation continues to step five. (ECF No. 13, p. 8). Defendant argues that Plaintiff's argument is conclusory, and that the hypothetical posed to the VE accounted for Plaintiff's proven limitations, rendering the VE's testimony substantial evidence supporting the ALJ's step-five finding that Plaintiff was not disabled. (ECF No. 13, p. 9).

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. *Id*. Based on our previous conclusion that the ALJ's RFC findings are supported by substantial evidence, we hold that the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. Id., see also Lacroix, 465 F.3d at 889.

### IV. Conclusion

Accordingly, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

12

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of November 2024.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE